## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## OWENSBORO DIVISION

**CIVIL ACTION NO. 4:05CV-83-M**

**DEBRA L. COOK**                                                                    **PLAINTIFF**

**V.**

**FIELD PACKING COMPANY, LLC**                               **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on motions to remand [DN 22] and to amend her complaint [DN 24] by Plaintiff, Debra L. Cook.  Also before the Court is a motion by Defendant, Field Packing Company, LLC, for summary judgment [DN 25].  Fully briefed, these matters stand ripe for decision.  For the following reasons, Plaintiff's motions to remand and to amend her complaint are **GRANTED**, and Defendant's motion for summary judgment is **DENIED as moot**.

### I. BACKGROUND

This case arises out of the termination of Plaintiff, Debra L. Cook ("Cook"), by Defendant, Field Packing Company, LLC ("Field Packing").  On May 12, 2005, Cook filed an action in Daviess Circuit Court against Field Packing, who then removed the case to this Court shortly thereafter.  Plaintiff's original Complaint alleged five counts: (1) disability discrimination pursuant to KRS 344.040, (2) retaliatory discharge pursuant to KRS 344.040, (3) interference with attainment of benefits under ERISA, (4) hostile environment on the basis of disability and workers compensation injury, and (5) unfair claims settlement

practices pursuant to KRS 304.12-230.

On July 26, 2005, the Court issued a Scheduling Order in the case which provided that all motions to amend the pleadings had to be filed by November 15, 2005, that all pretrial discovery had to be completed by January 31, 2006, and that all dispositive motions had to be filed by February 28, 2006. At a telephonic status conference on February 2, 2006, Plaintiff raised the possibility of dropping her ERISA claim[1] and filing a motion to remand the case back to state court. The Plaintiff filed her motion to remand on February 21, 2006. On that day, Plaintiff also filed another motion, which attempted to extend the dispositive motion deadline. A week later, the Defendant filed a motion for summary judgment on all five counts as set forth in the original Complaint.

## II. STANDARD OF REVIEW

The general standard of review for a district court's decision not to allow an amendment of the complaint is abuse of discretion. See LRL Properties v Portage Metro Housing Auth., 55 F.3d 1097, 1104 (6th Cir. 1995). Abuse of discretion is defined as a "definite and firm conviction that the trial court committed a clear error of judgment." Logan v. Dayton Hudson Corp., 865 F.2d 789, 790 (6th Cir. 1989). Abuse of discretion occurs when a district court fails to state the basis for its denial or fails to consider the competing interest of the parties and likelihood of prejudice to the opponent. See Foman v. Davis, 371 U.S. 178, 182 (1962).

---

[1] As Plaintiff's Complaint set forth an ERISA cause of action, it could be removed from state court to federal court. Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 65-66 (1987).

Generally, any civil action brought in state court over which the federal courts have original jurisdiction may be removed by a defendant to the federal district court for the district and division "embracing the place where such action is pending." 28 U.S.C. § 1441(a). The party seeking removal carries the burden of establishing the district court has original jurisdiction over the matter. Long v. Bando Mfg. of Am., Inc., 201 F.3d 754, 757 (6th Cir. 2000). The Court has a responsibility to make an independent subject matter jurisdiction determination, rather than rely solely on a conclusory assertion of the defendant. See McNutt v. Gen. Motors Acceptance Corp. of Indiana, 298 U.S. 178, 184 (1936).

### III. DISCUSSION

There are three separate issues before the Court. First, Plaintiff seeks to amend her Complaint. If the Court permits the Plaintiff to amend her Complaint to delete her ERISA claim, the Court can then consider whether it should remand this case to the state court. Similarly, only if the Court finds remand to be unwarranted would the Court need to consider the Defendant's Motion for Summary Judgment. The Court finds that it need only consider the issues of amendment and remand.

**A. Amendment of the Complaint**

Plaintiff argues that the Court should grant her motion to amend her Complaint to drop her ERISA claim because this particular amendment will not prejudice the Defendant and because F.R.C.P. 15 is read liberally. Defendant contends that the motion to amend is untimely and would result in significant prejudice.

F.R.C.P. 15(a) states as follows:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

The determination of whether the circumstances of a case are such that justice would require the allowance of an amendment is committed to the sound discretion of the district court. Hayden v. Ford Motor Co., 497 F.2d 1292, 1294 (6th Cir. 1974). A trial court may consider a number of factors in making this determination, including undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice, futility of the amendment, or the repeated failure to cure deficiencies by amendments previously allowed. Foman, 371 U.S. at 182. In the absence of any of these factors, a plaintiff should be afforded the opportunity to amend her complaint. Id.

To deny a motion to amend, a court must determine that there exists "at least some significant showing of prejudice to the opponent." Duggins v. Steak 'n Shake, Inc., 195 F.3d 828, 834 (6th Cir. 1999). The court must also set forth the specific prejudice. Id. For instance, a delay in time without prejudice is not enough to deny a motion to amend. Id. Contrarily, when a plaintiff possessed the information necessary to state a claim prior to the close of discovery, but did not seek to amend his complaint until after discovery, courts have rejected a motion to amend. Id. Prejudice is likely if an amendment involves new theories

of recovery. Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998). Prejudice is also likely if an amendment would require significant additional discovery. McKnight v. Kimberly Clark Corp., 149 F.3d 1125, 1130 (10th Cir. 1998).

In Roberts v. Autoalliance Int'l, Inc., No. 92-1447 1993 U.S. App. LEXIS 15359, at *25 (6th Cir. Jun. 15, 1993), the Sixth Circuit distinguished between permitting a plaintiff to amend a complaint to add a claim and permitting a plaintiff to amend a complaint to delete a claim:

> Permitting [plaintiff] to change her complaint by deleting a paragraph is quite different from permitting a plaintiff to add a claim which raises new theories or alleges new facts, which necessitates further discovery. Permitting deletion in this case would conceivably cause a slight delay and prompt a new round of summary judgment motions. This minimal effect cannot justify the district court's refusal to permit the deletion in light of Rule 15(a), which requires that leave to amend be "freely given."

Here, the Court does not find that the Plaintiff acted with bad faith or dilatory motive, nor did her actions constitute undue delay. Plaintiff advised the Court on February 2, 2006, nearly a month before the deadline for dispositive motions and just two days after the close of discovery, that she planned to file a motion to remand the case to state court. At that point, Plaintiff determined that her ERISA claim was fruitless. Plaintiff even attempted to extend the dispositive motion deadline so that summary judgment motion practice could be avoided in this Court should the matter be remanded. The dispositive motion deadline passed before the Court ruled on Plaintiff's motion.

Moreover, the prejudice to the Defendant is mild. The crucial point here is that Plaintiff does not seek to add a claim, and, therefore, little or no additional discovery should

be required. Defendant indicates in her brief that it would have conducted discovery differently if it knew the case would be decided in state court under its distinct summary judgment standard, but the Defendant does not provide the Court with any specifics as to how it would have done so. Also, portions of Defendant's summary judgment motion should be useful in the state court action. Finally, the Court cannot conclude that the amendment would be futile, and there has been no repeated failure to cure deficiencies by previously allowed amendments in this case.

The Defendant correctly states that the plaintiff in Roberts sought to clarify that she was not stating a federal law claim, whereas the Plaintiff here intentionally set forth a federal law claim. The court in Roberts, though, also notes that the deletion of a claim is far different than a late amendment of a claim. The Court finds the logic of Roberts to be similarly applicable to this case. Also, Defendant's authority primarily addressed prejudice caused by a plaintiff adding a claim at a late stage in the litigation. The Court is not faced with that situation here.

**B. Remand**

Having granted Plaintiff's motion to amend, the Court can now consider Plaintiff's motion to remand this case back to state court. The Plaintiff argues that the Court should remand the case back to state court because no federal claim remains and because factors such as judicial economy, convenience, fairness, and comity support remand. Defendant contends that Plaintiff's motion to remand amounts to improper forum manipulation.

In Carnegie-Mellon University v. Cohill, 484 U.S. 343, 353 n.7 (1988), the Supreme

Court discussed the propriety of remand in removed cases where federal claims have been dismissed and granted district courts broad latitude:

> In Gibbs, the Court stated that "if the federal claims are dismissed before trial . . . the state claims should be dismissed as well." 383 U.S., at 726. More recently, we have made clear that this statement does not establish a mandatory rule to be applied inflexibly in all cases. See Rosado v. Wyman, 397 U.S. 397, 403-405 (1970). The statement simply recognizes that in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine -- judicial economy, convenience, fairness, and comity -- will point toward declining to exercise jurisdiction over the remaining state-law claims.

The Court in Cohill went on to state,

> Petitioners also argue that giving district courts discretion to remand cases involving pendent state-law claims will allow plaintiffs to secure a state forum through the use of manipulative tactics. Petitioners' concern appears to be that a plaintiff whose suit has been removed to federal court will be able to regain a state forum simply by deleting all federal-law claims from the complaint and requesting that the district court remand the case. This concern, however, hardly justifies a categorical prohibition on the remand of cases involving state-law claims regardless of whether the plaintiff has attempted to manipulate the forum and regardless of the other circumstances in the case. A district court can consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case. If the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case. The district courts thus can guard against forum manipulation without a blanket rule that would prohibit the remand of all cases involving pendent state-law claims We conclude that a district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate. The discretion to remand enables district courts to deal with cases involving pendent claims in the manner that best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine.

Id. at 357.

In <u>Trans Penn Wax Corp. v. McCandless</u>, 50 F.3d 217, 233 (3d Cir. 1995), the court applied the <u>Cohill</u> standard and found that in a case where plaintiff propounded and served interrogatories and requests for production on defendants seeking evidence to substantiate federal claims, and later withdrew those federal claims because the responses to these discovery requests proved inadequate to substantiate the federal claims, remand to state court was within the sound discretion of the district court.

The Court has already determined that, though Plaintiff obviously seeks a state court forum, she did not engage in manipulative tactics to achieve her desired forum. Of the five counts set forth in the original Complaint, only Count III, the ERISA count, provides an independent basis for the Court to exercise subject matter jurisdiction. The principles of judicial economy, convenience, fairness, and comity suggest that retaining jurisdiction at this point, when the Court has not made an extensive investment of judicial resources in this matter, would be inappropriate. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715, 725-26 (1966). Consequently, the case is remanded back to the Daviess Circuit Court and this Court need not consider Defendant's Motion for Summary Judgment.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motions to amend her complaint [DN 24] and remand [DN 22] are **GRANTED**, and Defendant's motion for summary judgment [DN 25] is **DENIED as moot**.

Copies to: Counsel of record
05cv-083Cook